UNITED STATES of America,
Plaintiff–Appellee,

v.

Ignacio VALDIVIA–MARQUEZ,
Defendant–Appellant.

No. 14–50091.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Nov. 18, 2015.*

Filed Nov. 23, 2015.

Jonathan Adam Alexander, Special Assistant U.S., Jean–Claude Andre, Assistant U.S., Jamie Lang, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

John David Hanusz, Deputy Federal Public Defender, Ashwini Shrikrishna Mate, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Ignacio Valdivia–Marquez appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for possession with intent to distribute marijuana on board a vessel subject to United States jurisdiction and aiding and abetting, in violation of 18 U.S.C. § 2; 21 U.S.C. § 960(b)(2)(G); and 46 U.S.C. § 70503(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valdivia–Marquez contends that the district court procedurally erred by focusing on general deterrence to the exclusion of the other 18 U.S.C. § 3553(a) factors and failing to consider and explain its rejection of his mitigating arguments. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th

Cir.2010), and find none. The record reflects that the court properly considered the section 3553(a) factors and Valdivia–Marquez's mitigating arguments, and sufficiently explained the sentence. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Valdivia–Marquez next contends that the alleged procedural errors resulted in a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Valdivia–Marquez's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *United States v. Gutierrez–Sanchez,* 587 F.3d 904, 908 (9th Cir.2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

All pending motions are denied.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.